IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-cr-00307-RM

UNITED STATES OF AMERICA

    Plaintiff,

v.

KEVIN ADAM POMPA

    Defendant.

---

## ORDER OF DETENTION

---

    THIS MATTER came before the Court for a detention hearing on August 29, 2013. Present were the following: Jeremy Sibert, Assistant United States Attorney, Matthew Belcher, counsel for the defendant, and the defendant. The Court carefully considered the Pretrial Services Report and the comments of counsel.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 30th day of August, 2013.

                                                    By the Court:

                                                    s/Craig B. Shaffer
                                                    Craig B. Shaffer
                                                    United States Magistrate Judge

United States v.  Kevin Adam Pompa
Case Number 13-cr-00307-RM

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)   [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)   the weight of the evidence against the person;

(3)   the history and characteristics of the person, including –

   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Service Report and the entire court file, and have considered the comments of counsel during the detention hearing on August 29, 2013.  In particular, defense counsel advised that his client was not contesting the government's request for detention.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged under 18 U.S.C. §§ 922(g) and 924 (possession of a firearm by a prohibited person).  The grand jury has found probable cause to believe that the charged offense was committed by the defendant.

I also note the defendant's history and personal characteristics.  Weighing in the defendant's favor, the Pretrial Services Report notes that the defendant has been a long-time resident of Colorado, where the defendant's mother and brothers continue to reside.  The court has not been provided with information that would indicate the defendant has a lengthy employment history with any single employer.  By his own admission, the defendant has a problem with alcohol, and Pretrial Services reports the defendant has tested positive for alcohol consumption even while on state parole.

Finally, the defendant's criminal record shows that in 2002, as a juvenile, the defendant pled guilty to felony manufacturing and possessing a dangerous weapon.  As an adult, the defendant pled guilty in 2007 to felony menacing with a real or simulated weapon.  In that same case, the defendant later admitted to violating probation.  Also in 2007, the defendant pled guilty to felony 2d degree assault.  In 2013, the defendant was the subject of parole revocation proceedings.

After considering all of the foregoing facts, I find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant.  In support of that finding, I note the defendant's decision not to contest detention, his lack of a well-established employment history, and his repeated failure to comply with conditions of probation or parole.  I further find, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community.  That finding is based upon the offense charged in this case and the defendant's prior convictions for felony possession of a dangerous weapon, felony menacing, and felony assault.