IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00307-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KEVIN ADAM POMPA,

        Defendant.
_____

**DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

        COMES NOW the Defendant, Kevin Pompa, by and through his attorney of record, Matthew K. Belcher, Assistant Federal Public Defender, and hereby submits this objection to the Presentence Report ("PSR") dated November 21, 2013, and would show as follows:

**Objection No. 1:**

        Mr. Pompa objects to the proposed Supervised Release condition which would allow the United States Probation Office to circumvent the stringent Fourth Amendment protections against warrantless searches of a person's "castle," or home.[1] Such a condition constitutes a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing.

---

[1] This search condition is set out on Page R-2 of Exhibit A of the Presentence Report.

In *United States v. Knights*, 534 U.S. 112 (2001), the Supreme Court held that a warrantless search of a probationer's apartment, supported by reasonable suspicion *and consented to by the defendant as a condition of probation*, was reasonable within the meaning of the Fourth Amendment. In so holding, the Supreme Court attached significance to the probationer's acceptance of a clear and unambiguous search condition, finding that this fact "significantly diminished Knights' reasonable expectation of privacy." *Knights*, 534 U.S. at 119-120.

Here, the "search condition" is not a condition precedent to obtaining an alternative to a sentence of imprisonment (probation) or to obtaining an early release from a sentence of incarceration by means of parole. *See Samson v. California*, 547 U.S. 843 (holding that the essence of parole is release from prison, before the completion of a sentence, on the condition that the prisoner abides by certain rules during the balance of that sentence). Unlike probation and parole, supervised release is not an alternative to or a continuum of an imposed sentence that, absent acceptance of the "search condition," would not have been offered to a defendant in the first place. Supervised release is not an alternative to incarceration and is not a tool used by the government to release a defendant prior to the completion of their imposed term of incarceration. As such, the logic and reasoning underlying *Samson* and *Knights* is inapplicable here.

Accordingly, Mr. Pompa objects to the proposed condition set out in the Presentence Report and, additionally, does not consent to the implicit waiver of his Fourth Amendment rights, which apply even to those who are under supervision. *See Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987).

Respectfully submitted,

VIRGINIA GRADY
Federal Public Defender, Interim


s/ Matthew K. Belcher
Matthew K. Belcher
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Matthew.Belcher@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 13, 2013, I electronically filed the foregoing **DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Jeremy Sibert, Assistant U.S. Attorney
    Email: jeremy.sibert@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Patrick Lynch, United States Probation Officer  *(via e-mail)*

    Mr. Kevin Pompa, Defendant
    (via mail)

    s/ Matthew K. Belcher
    Matthew K. Belcher
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Matthew.Belcher@fd.org
    Attorney for Defendant