UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

Case No. 13-CR-00307-RM

UNITED STATES OF AMERICA,
    Respondent,

v.

KEVIN POMPA,
    Movant.

## MOTION TO VACATE UNDER 28 U.S.C. §2255

Kevin Pompa, through counsel, respectfully moves this Court, pursuant to 28 U.S.C. § 2255, to vacate his sentence because it violates the Fifth Amendment's Due Process Clause. Mr. Pompa is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). His sentence violates *Johnson* because the Court increased his sentence based on the residual clause of § 4B1.2(a) of the United States Sentencing Guidelines ("Guidelines"). This Court should vacate the sentence and set this matter for resentencing.

**The parties jointly suggest the following briefing schedule on this Motion: Government's Response due in 60 days; Movant's Reply due 30 days after the Government's Response is filed.**

Mr. Pompa pleaded guilty to one count of felon in possession of a firearm. In determining Mr. Pompa's Guideline sentencing range, this Court found that Mr. Pompa's prior Colorado conviction for second-degree assault (drugging victim) was a crime of violence within the meaning of U.S.S.G. § 4B1.2(a). This increased Mr.

Pompa's Guideline range from 37-46 months' imprisonment to 51-71 months' imprisonment.

Second-degree assault (drugging victim) could have qualified as a crime of violence only under § 4B1.2(a)'s residual clause. *See United States v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008). But *Johnson* renders that residual clause unconstitutional. *See United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). Accordingly, Mr. Pompa's sentence is in violation of *Johnson.*

Although the Court varied downward and imposed a 48-month sentence, Mr. Pompa's Guideline range, absent the increase based on his second-degree assault conviction, is even lower. Furthermore, because the Guideline range serves as the starting point for any variance, it is likely that Mr. Pompa would receive a sentence below the bottom of the correctly calculated Guideline range on resentencing.

WHEREFORE, Mr. Pompa's § 2255 Motion should be granted, and this matter should be set for resentencing.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender

    s/ Josh Lee
    JOSH LEE
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, Colorado 80202
    (303) 294-7002
    josh.lee@fd.org

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 20, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

 Robert Russel, Assistant United States Attorney
 robert.russel@usdoj.gov

and I further certify that I have mailed this motion to the following by United States mail:

 Kevin Pompa (via U.S. Mail)

             s/ Josh Lee
             JOSH LEE