UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

Case No. 13-CR-00307-RM

UNITED STATES OF AMERICA,
    Respondent,

v.

KEVIN POMPA,
    Movant.

---

**REPLY IN SUPPORT OF MOTION TO VACATE**

---

The Government presents four arguments against relief in this case. For the reasons that follow, this Court should reject each of those arguments and vacate Mr. Pompa's sentence as in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## I.  Cause and Prejudice Excuse Mr. Pompa's Procedural Default.

The Government argues that Mr. Pompa's *Johnson* claim is barred by the procedural default doctrine because he did not raise it on direct appeal. This Court should hold (a) that Mr. Pompa has "cause" to excuse his procedural default under *Reed v. Ross*, 468 U.S. 1 (1984), and (b) that he can show "prejudice" under *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). *See generally Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain [§ 2255] review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.").

"Cause" to excuse a default isn't limited to ineffective assistance of counsel. When counsel's performance wasn't deficient, a § 2255 movant has "cause" to excuse his failure

to raise a claim on direct appeal when that claim relies on a decision that "explicitly overrule[s]" Supreme Court precedent that had governed at the time of direct appeal. *Reed*, 468 U.S. at 17. During the time that the Defendant could have filed a direct appeal, *James v. United States*, 550 192, 210 n.2 (2007), and *Sykes v. United States*, 564 U.S. 1, 15–16 (2011), had "rejected" the notion "that the residual clause violates the Constitution's prohibition on vague criminal laws." *Johnson*, 135 S. Ct. at 2556. *Johnson* explicitly overruled *James* and *Sykes*. *Johnson*, 135 S. Ct. at 2563. It follows that § 2255 movants who, like the Defendant here, would have had to argue in the teeth of *James* and *Sykes* to raise their vagueness challenges on direct appeal, have cause to excuse the default of their *Johnson* claim.

In arguing otherwise, the Government mistakenly relies on *Bousley v. United States*, 523 U.S. 614 (1998). That case stands for the proposition that a movant cannot show cause merely by showing that *his particular circuit* had already rejected the claim that he could have raised on direct appeal. *Id.* at 623. This is consistent with *Reed*, which allows defendants to forgo raising a claim on direct appeal only when the claim would be contrary to "a decision of this Court" (*i.e.*, contrary to Supreme Court precedent) or contrary to "a near-unanimous body of lower court authority." *Reed*, 468 U.S. at 17. The movant in *Bousley* could not make that showing, as the lower courts had reached conflicting results on the defaulted claim he sought to raise in § 2255 proceedings. *See Bailey v. United States*, 516 U.S. 137, 142 (1995). Here, there was no conflict: the Defendant's claim had been definitively rejected by the Supreme Court. *See Sykes*, 564 U.S. at 15–16; *James*, 550 at 210 n.2. Thus, *Reed*, not *Bousley*, controls.

Mr. Pompa can show prejudice based on the fact that the ruling challenged as contrary to *Johnson* significantly increased his guideline range. In *Banks v. Dretke*, 540 U.S. 668, 691, 699 (2004), the Supreme Court held that a reasonable probability that the outcome would have been different satisfies the prejudice component of the cause-and-prejudice exception. And in *Molina-Martinez*, 136 S. Ct. at 1341–42, 1345–57, the Supreme Court held that a decrease in the guideline range establishes a rebuttable presumption of prejudice. *Accord United States v. Sabillon-Umana*, 772 F.3d 1328, 1333 (10th Cir. 2014). It is undisputed that, if Mr. Pompa's conviction for second-degree assault (drugging victim) can't count as a crime of violence, his Guideline range decreases substantially. The Government has made no attempt to rebut the presumption of prejudices that adheres in this situation.

Lacking evidence to rebut the presumption of prejudice, the Government instead tries to thrust the burden onto Mr. Pompa. In this effort, it mistakenly relies on *United States v. Frady*, 456 U.S. 152 (1982), and *Murray v. Carrier*, 477 U.S. 478 (1986). Those cases only hold that plainness or obviousness of an error—*i.e.*, the mere fact that it satisfies the first and second parts of the four-part plain-error standard[1]—isn't itself a sufficient showing of prejudice. *Murray*, 477 U.S. at 493–94; *Frady*, 456 U.S. at 170–71. Those cases can't be read to reject the particular *prejudice standard* that applies on *plain-error review* (i.e., the *third* part of the plain-error standard) because that standard hadn't even been articulated at the time. *Cf. United States v. Olano*, 507 U.S. 725, 735 (1993)

---

[1] "Under the plain error standard, [a court of appeals] may reverse only if a defendant demonstrates (1) error (2) that is plain, (3) that prejudices his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *E.g.*, *United States v. Mendiola*, 696 F.3d 1033, 1036 (10th Cir. 2012).

(reserving the question of whether a defendant must always show prejudice on plain-error review). The Supreme Court first grafted the reasonable-probability-of-a-different-outcome standard onto plain-error review in *United States v. Dominguez-Benitez*, 542 U.S. 74, 81–82 (2004)—some two decades after *Frady* and *Murray*. And, the Government's assertions notwithstanding, the Supreme Court squarely held in *Banks* that "prejudice within the compass of the 'cause and prejudice' requirement exists when" there is a "reasonable probability of a different result." 540 U.S. at 691, 699.

The Government doesn't dispute that Mr. Pompa has met that standard, so its procedural default defense must be rejected.

## II.     *Johnson* Is Retroactive in Guidelines Cases.

The Government's nonretroactivity defense also lacks merit. This Court should follow the Fourth and Sixth Circuits in holding that *Welch* requires that *Johnson* be applied retroactively in Guidelines cases. *See In re Hubbard*, 825 F.3d 225, 233–35 (4th Cir. 2016); *In re Patrick*, ___ F.3d ____, 2016 WL 4254929 (6th Cir.) (following *Hubbard*). As *Hubbard* and *Patrick* recognize, the Government's nonretroactivity argument fails on two independent grounds.

First, the Government's argument that *Johnson* is retroactive in some cases but not in others is contrary to the basic principle that retroactivity is a "categorical matter." *Davis v. United States*, 567 U.S. 229, 243 (2011); *Teague v. Lane*, 489 U.S. 288 (1989) (holding that a new rule must be "applied retroactively to *all* defendants on collateral review" or not applied retroactively at all) (emphasis in original); *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) (explaining that new, substantive rules "must be applied in . . . all federal habeas corpus proceedings"); *United States v. Doe*, 810 F.3d 132, 154 n.133

4

(3d Cir. 2015) ("Under *Teague*, either a rule is retroactive or it is not."). As the Fourth Circuit put it, "*Welch* declared unequivocally that *Johnson* was 'a substantive decision and so has retroactive effect under *Teague* in cases on collateral review,' *Welch*, 136 S. Ct. at 1265, and the government has cited no case to support the proposition that a rule can be substantive in one context but procedural in another." *Hubbard*, 825 F.3d at 234; *see Patrick*, *supra*, at *3 (rejecting the Government's contention "that the same rule may be substantive and retroactive in one context but procedural and not retroactive in another").

Second, even if retroactivity were not a categorical matter, "[t]he Supreme Court's rationale in *Welch* for finding *Johnson* retroactive applies equally to the Guidelines." *Patrick*, *supra*, at *3–*4. Just as *Johnson* changed the substantive reach of the ACCA, it changed the substantive reach of U.S.S.G. § 4B1.2(a). *Id*. *Johnson* is not a procedural decision in the § 4B1.2(a) context any more than it is in the ACCA context. *Id*. It doesn't allocate decisionmaking authority between judge and jury, nor does it regulate the evidence that a court can consider in determining whether § 4B1.2(a) applies. *Id*. After *Johnson*, even the use of impeccable factfinding procedures could not justify a sentence based on § 4B1.2(a)'s residual clause. *Id*. "[T]hat the Guidelines are not mandatory is a distinction without a difference." *Id*. at *4; *accord Hubbard*, 825 F.3d at 235 (rejecting the Government's effort to distinguish *Welch* based on the non-mandatory nature of the Guidelines). The Guidelines are "closer to a statute which fixes sentences than a sort of suggested opinion"; they are a "substantive formula" and have a "real and pervasive" effect on defendants' sentences. *Patrick*, *supra*, at *4.

For either or both of these reasons, the Court should reject the Government's nonretroactivity defense.

### III. Second-Degree Assault (Drugging) Isn't a Commentary Offense.

The Government next argues that second-degree assault (drugging) is a crime of violence under the commentary to U.S.S.G. § 4B1.2. The Government has conceded otherwise in multiple other cases. *See, e.g.*, Answer Brief of the United States at 10–13, *United States v. Porter*, No. 15-1206 (10th Cir. Nov. 30, 2015); United States' Answer to Defendant's 28 U.S.C. § 2255 Motion at 10, *United States v. Hanns*, No. 07-CR-182 (D. Colo. Aug. 24, 2016); Government's Response to § 2255 Motion at 15, *United States v. Campos*, No. 14-229 (D. Colo. Aug. 11, 2016). In *Campos*, counsel for the Government wrote:

> Campos claims that, in light of *Johnson*, his conviction for second degree assault (drugging the victim) cannot be considered a crime of violence. The government agrees. As defined in Colorado, that offense could qualify as a crime of violence only under the residual clause because it (1) does not necessarily involve the use, attempted use, or threatened use of physical force and (2) does not qualify as generic aggravated assault. *See United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1195 (10th Cir. 2008) (holding that second degree assault – drugging victim does not satisfy the force clause); *United States v. Gastelum-Laurean*, 370 Fed. Appx. 938, 942 (10th Cir. 2010) (unpublished) (noting that generic aggravated assault requires "either the causing of serious bodily injury or the use of a dangerous weapon").

For the reasons set forth by the Government in *Campos*, the merits argument that the Government offers in this case must be rejected.

### IV. The Court May Not Ignore Prejudicial Constitutional Error.

Lastly, the Government asserts that, because the Sentencing Guidelines are advisory, the Court could deny Mr. Pompa's § 2255 motion even if Mr. Pompa shows prejudicial constitutional error and refutes all of the Government's

6

procedural defenses. This Court does not have that option. Under 28 U.S.C. § 2255(b), if a Court finds prejudicial constitutional error, "the court *shall* vacate and set the judgment aside and *shall* discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." (Emphasis added.) Thus, if it finds prejudicial *Johnson* error, the Court *must* grant Mr. Pompa's motion and vacate his sentence. Of course, after hearing all the evidence and arguments at resentencing, and correctly calculating Mr. Pompa's new guideline range, the Court theoretically could re-impose the same sentence as before, subject to review for substantive reasonableness. But this possibility no more justifies denying post-conviction relief than does the possibility that a jury might re-convict at a retrial following an original trial tainted by prejudicial error.

\* \* \*

This Court should reject the Government's arguments, grant relief, and set this matter for resentencing.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Josh Lee
JOSH LEE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
(303) 294-7002
josh.lee@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 8, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

    Jeremy Sibert, Assistant United States Attorney
    jeremy.sibert@usdoj.gov

and I further certify that I have mailed this motion to the following by United States mail:

    Kevin Pompa (via U.S. Mail)

                                               s/ Josh Lee
                                               JOSH LEE