CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. Kevin Adam Pompa                                           DKT. NO. 1:13CR00307-1

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Lori Cross, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Kevin Adam Pompa, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on January 8, 2014. The defendant was sentenced to 48 months imprisonment and 3 years supervised release for an offense of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Supervision commenced on January 26, 2018, and is set to expire on January 25, 2021. As noted in the judgment [Document 29], the Court ordered mandatory, special and standard conditions of supervision. Additionally, on May 28, 2019, the defendant's conditions of supervision were modified to include placement in the residential reentry center (RRC) for a period of up to 6 months [Document 51]. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT FOR CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 13, 2018, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On or about October 17, 2018, the defendant reported to the Probation Office as directed to discuss a dilute urine specimen that was submitted on October 3, 2018. At that time, the defendant admitted to ingesting a marijuana edible on or about October 13, 2018. In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly Moral Reconation Therapy (MRT) groups. Additionally, the frequency of his random drug testing was increased.

### 2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 9, 2018, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.[1]

On or about June 12, 2018, the defendant reported to the Probation Office as directed to discuss a dilute urine specimen that was submitted on June 4, 2018.  At that time, the defendant admitted to using cocaine on or about June 9, 2018.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups and the random drug testing program.

### 3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about December 28, 2018, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about December 28, 2018, the defendant submitted a urine specimen at Independence House North that returned positive for cocaine use.  The Probation Officer addressed the positive drug test result with the defendant, and he admitted to using cocaine at a recent Christmas party.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups and the random drug testing program.  Additionally, the Probation Officer taught the defendant the cognitive model and required the defendant to complete cognitive model worksheets to monitor his criminal thinking.

### 4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 31, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

---

[1] According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir. 1993) cert. denied, 113 S. Ct. 2945, the Court equated drug use with drug possession.  In *U.S. v. Draper*, 2019 WL 1552732 (10th Cir. April 10, 2019), the Court applied penalties under state law in finding Grade B violations for possession and use.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

On or about March 31, 2019, the defendant submitted a urine specimen at Independence House North that returned positive for cocaine.  The Probation Officer addressed the positive drug test with the defendant, and he admitted to using cocaine on or about March 31, 2019.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups and the random drug testing program.

5. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 2, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about April 2, 2019, the defendant submitted a urine specimen at Independence House North that returned positive for cocaine use.  On April 3, 2019, the Probation Officer met with the defendant at the Probation Office, at which time he admitted that he had been using cocaine for approximately three weeks.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups and the random drug testing program.

6. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 3, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about April 3, 2019, the defendant submitted a urine specimen at the Probation Office that returned positive for cocaine use.  On this same date, the defendant admitted to the Probation Officer that he had been using cocaine for approximately three weeks.  In response, the defendant's treatment regimen was adjusted to include weekly addiction education groups, in addition to the weekly MRT Groups.  Further, he was continued on the random drug testing program.

7. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 3, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

Case No. 1:13-cr-00307-RM   Document 66   filed 08/26/19   USDC Colorado   pg 4 of 9

| | | |
|---|---|---|
| Kevin Adam Pompa<br>1:13CR00307-1 | Superseding Petition Due to Violations of Supervision<br>Page 4 | August 26, 2019 |

On or about May 3, 2019, the defendant submitted a urine specimen at the Probation Office that returned positive for cocaine use.  The Probation Officer addressed the positive drug test with the defendant, and he signed an admission form, acknowledging use of cocaine on or about May 3, 2019.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups, weekly addiction education groups, and the random drug testing program.  The Probation Officer also conducted a three-way meeting with the defendant and Supervisory Probation Officer Garret Pfalmer to address the defendant's ongoing noncompliant conduct.  On May 22, 2019, the Probation Officer submitted a petition to the Court requesting that the defendant's conditions of supervision be modified to include placement at the RRC for a period of up to six months.

8. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 30, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about May 30, 2019, the defendant submitted a urine specimen at Independence House North that returned positive for cocaine use.  The Probation Officer addressed the positive drug test with the defendant, and he signed an admission form, acknowledging use of cocaine on or about May 30, 2019.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups, weekly addiction education groups, and the random drug testing program.  The Probation Officer also referred the defendant to the RRC for public law placement pursuant to the modification order signed by the Honorable Raymond P. Moore on May 28, 2019.

9. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 7, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about June 7, 2019, the defendant submitted a urine specimen at Independence House North that returned positive for cocaine use.  The Probation Officer addressed the positive drug test with the defendant, and he signed an admission form, acknowledging use of cocaine on or about June 7, 2019.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups, weekly addiction education groups, and the random drug testing program.

### 10. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 21, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about June 21, 2019, the defendant submitted a urine specimen at Independence House North that returned positive for cocaine use. The Probation Officer addressed the positive drug test with the defendant, and he signed an admission form, acknowledging use of cocaine on or about June 21, 2019. In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups, weekly addiction education groups, and the random drug testing program

### 11. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 24, 2019, the defendant used or administered controlled substances, cocaine and methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine and methamphetamine carries a penalty of over 12 months imprisonment.

On or about June 24, 2019, the defendant submitted a urine specimen at Independence House North that returned positive for cocaine and methamphetamine use. The Probation Officer addressed the positive drug test results with the defendant, and he signed an admission form, acknowledging use of cocaine. He verbally denied the use of methamphetamine and the urine specimen was sent to Alere Toxicology Services for confirmation. The urine specimen was thereafter confirmed positive for methamphetamine use. In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups, weekly addiction education groups, and the random drug testing program

### 12. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 2, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about July 2, 2019, the defendant submitted a urine specimen at Independence House South Federal RRC that returned positive for cocaine use. The Probation Officer addressed the positive drug test result with the defendant, and he signed an admission form, acknowledging use of cocaine. The urine specimen has been sent to Alere

Toxicology Services for confirmation and the results are pending.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups, weekly addiction education groups, and the random drug testing program

### 13.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about July 16, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about July 16, 2019, the defendant submitted a urine specimen at Independence House South Federal RRC that returned positive for cocaine use.  The Probation addressed the positive drug test result with the defendant, and he signed an admission form, acknowledging use of cocaine.  In response, the Probation Officer consulted with the defendant's treatment provider and he was continued in weekly MRT groups, weekly addiction education groups, and the random drug testing program.

### 14. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about July 23, 2019, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.

On or about July 23, 2019, the defendant submitted a urine specimen at Independence House South Federal RRC that returned positive for cocaine use.  The Probation Officer did not address the positive drug test with the defendant, as the result was received after his arrest warrant was executed.  The drug test result was confirmed positive by Alere Toxicology Services.

### 15.  FAILURE TO RESIDE IN/COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (RRC)

On or about July 6, July 9, and July 16, and July 24, 2019, the defendant failed to comply with the rules and regulations of the residential reentry center (RRC). Additionally, his public law placement was rejected on July 22, 2019, which constitutes a Grade C violation of supervised release.

On July 6, 2019, the defendant submitted to a breathalyzer test at Independence House South Federal (RRC), which registered .025 B.A.C.  He admitted to RRC staff he had been drinking at work.  The Probation Officer also addressed the positive breathalyzer test with the defendant, and he stated that he consumed alcohol after

Case No. 1:13-cr-00307-RM   Document 66   filed 08/26/19   USDC Colorado   pg 7 of 9

Kevin Adam Pompa  
1:13CR00307-1

Superseding Petition Due to Violations of Supervision  
Page 7

August 26, 2019

work.  This is in violation of BOP Prohibited Act #112 – Use of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia.

On July 9, 2019, the defendant submitted a urine specimen at Independence House South Federal (RRC) that returned positive for alcohol use.  The Probation Officer addressed the positive alcohol test with the defendant and he again admitted to consuming alcohol after work.  This is in violation of BOP Prohibited Act #112 – Use of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia.

On July 9, 2019, the defendant was scheduled to complete a physical, which is required within five days of RRC public law placement.  He failed to attend the physical and had security staff change his schedule to allow him to go to work instead.  This is in violation of BOP Prohibited Act #309 – Violating a condition of a community program; Failure to complete physical within five days.

On July 16, 2019, the defendant submitted a urine specimen at Independence House South Federal (RRC) that returned positive for alcohol and cocaine use.  The Probation Officer addressed the positive drug test results with the defendant, and he signed an admission form, acknowledging use of cocaine and alcohol on or about July 16, 2019.  This is in violation of BOP Prohibited Act #112 – Use of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia.

On July 22, 2019, the defendant's placement at the RRC was rejected based on the aforementioned violation conduct and his blatant disregard of the RRC's policies and regulations.

On July 24, 2019, the defendant received a write-up for failure to pay subsistence since his arrival at the RRC.  This is in violation of BOP Prohibited Act #309 – Failure to pay subsistence.

16. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House North, the testing and treatment program in which the probation officer directed him to participate, on December 23, 2018; February 20, March 14, March 25, and June 16, 2019.  Additionally, he attempted to falsify his drug test at Independence House North on May 30, 2019.  This constitutes a Grade C violation of supervised release.

On January 29, 2018, the defendant was placed on a random drug testing program.  Further, he was instructed to call the drug testing line daily and to report to Independence House North for all random drug tests.

The Probation Officer received email correspondence from Independence House North, which indicated the defendant failed to report to their facility for drug testing on

Case No. 1:13-cr-00307-RM   Document 66   filed 08/26/19   USDC Colorado   pg 8 of 9

| Kevin Adam Pompa<br>1:13CR00307-1 | Superseding Petition Due to Violations of Supervision<br>Page 8 | August 26, 2019 |
|---|---|---|

December 23, 2018; February 20, March 14, March 25, and June 16, 2019. The missed drug tests were addressed with the defendant in each instance.

On May 30, 2019, the defendant reported to Independence House North to submit a urine specimen. During the observed collection, the staff member observed a surgical tube and bag the defendant had taped around himself in an effort to falsify his drug test. The defendant was asked to remove the device and was instructed to provide a valid urine specimen, which he failed to do. On May 31, 2019, the Probation Officer addressed the defendant's attempt to falsify his urine specimen. The defendant admitted that he attempted to falsify the urine sample because he had used cocaine and marijuana.

17. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Turning Point Mental Health Services, the treatment program in which the probation officer directed him to participate, on February 15, March 29, April 19, August 2, and September 28, 2018; February 14, March 21, May 2, May 21, May 23, June 4, June 20, July 11, and July 18, 2019. This constitutes a Grade C violation of supervised release.

On January 29, 2018, the defendant was instructed to participate in a substance abuse evaluation at Turning Point Mental Health Services. The substance abuse evaluation recommended participation in weekly MRT groups. Based on his ongoing drug use, the defendant's treatment regimen was modified to include participation in weekly addiction education groups, in addition to weekly MRT groups.

The Probation Officer received email correspondence from Turning Point Mental Health Services, which indicated the defendant failed to report to their facility for his substance abuse evaluation on February 5, 2019. The appointment was later rescheduled, and the defendant participated in the substance abuse evaluation as directed.

The Probation Officer received email correspondence from Turning Point Mental Health Services, which indicated the defendant failed to report to their facility for weekly MRT groups on March 29, April 19, August 2, and September 28, 2018; February 14, March 21, May 2, May 23, June 20, July 11, and July 18, 2019. The Probation Officer addressed the missed treatment sessions in each instance.

The Probation Officer received email correspondence from Turning Point Mental Health services, which indicated the defendant failed to report to their facility for addiction education groups on May 21, June 4, and June 11, 2019. The Probation Officer addressed the missed treatment sessions in each instance.

Case No. 1:13-cr-00307-RM   Document 66   filed 08/26/19   USDC Colorado   pg 9 of 9

| | | |
|---|---|---|
| Kevin Adam Pompa<br>1:13CR00307-1 | Superseding Petition Due to Violations of Supervision<br>Page 9 | August 26, 2019 |

## RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 52] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Lori Cross*
Lori Cross
United States Probation Officer
Place:   Denver
Date:    August 26, 2019

*s/ Garret Pfalmer*
Garret C. Pfalmer
Supervising United States Probation Officer
Place:   Denver
Date:    August 26, 2019

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is 12 to 18 months.