CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. KEVIN ADAM POMPA                                    DKT. NO. 1:13CR00307-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Katrina M. Devine, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Kevin Adam Pompa, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on October 1, 2019.  The defendant was sentenced to 4 months imprisonment and 32 months supervised release for a violation of supervised release related to an original offense of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  This is the defendant's second term of supervised release as there has been one prior revocation (see Documents 29 and 73, Judgment in a Criminal Case and Judgment for Revocation of Supervised Release).  Supervision commenced on November 22, 2019, and is set to expire on July 21, 2022.  As noted in the judgment [Document 73], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **VIOLATION OF LAW**

On or about November 23, 2019, the defendant was arrested for Driving Under the Influence, in violation of C.R.S. 42-4-1301(1)(a).  This is a misdemeanor, which constitutes a Grade C violation of supervised release.

In addition to the above charge, the defendant was charged in Adams County Court, Case Number 2019M5064 with the following additional charges: Careless Driving, in violation of C.R.S. 42-4-1402(1), (2)(a); Violation of a Protection Order – Civil, in violation of C.R.S. 18-16-803.5(1)(a); and Child Abuse – Knowingly/Reckless – No Injury, in violation of C.R.S. 18-6-401(1), (7)(b)(I).

According to the arrest narrative provided by Colorado State Patrol, on November 23, 2019, at 4:48 p.m., officers were dispatched to a single vehicle crash with a fence in Adams County, Colorado.  The defendant was identified as the driver of the vehicle, and an adult female and the defendant's 11-year-old daughter were in the vehicle at the time of the crash.  A witness observed the defendant throw a beer bottle out of the window of the vehicle after the crash.  Responding officers detected a moderate odor of alcohol on

the defendant's breath and a strong odor of alcohol inside the vehicle. The defendant exhibited bloodshot eyes and slurred speech. He initially agreed to perform roadside maneuvers but demonstrated an inability to complete them and then refused any further maneuvers. The defendant refused any chemical testing and was taken into custody. He posted bond in that matter and is scheduled for his next court appearance on May 18, 2020.

## 2. VIOLATION OF LAW

On or about February 14, 2020, the defendant was charged with two counts of Burglary 1 – Assault/Menace, in violation of C.R.S. 18-4-202(1). This is a Class 3 Felony, which constitutes a Grade A violation of supervised release.

In addition to the above charge, the defendant was charged in Arapahoe County District Court, Case Number 20CR476, with the following additional charges:

Count 3: Assault 2 – Cause Injury with Deadly Weapon (F4), C.R.S. § 18-3-203(1)(b)  
Count 4: Trespass 1 – Dwelling (F5), C.R.S. § 18-4-502  
Count 5: Felony Menacing – Real/Simulated Weapon (F5), C.R.S. § 18-3-206(1)(a)/(b)  
Count 6: Weapon – Possession/Previous Offender (F6), C.R.S. § 18-12-108(1)  
Count 7: Violation Protection Order – Criminal (M1), C.R.S. § 18-6-803.5(1)(a)  
Count 8: Violent Crime – Used Weapon (SE), C.R.S. § 18-1.3-406(a)(I)(A)  

On March 2, 2020, the defendant was taken into custody at the Probation Office during an office appointment when a record check revealed a felony warrant in connection with new charges was activated on February 27, 2020.

According to the Affidavit of Probable Cause for Arrest Warrant, on January 25, 2020, officers were dispatched on an assault with a weapon call. According to the victim, the defendant forced his way into her apartment with a silver handgun, demanded money which the defendant believed she owed to him, and struck her in the head with the weapon, causing her to lose consciousness and incur a severe laceration requiring medical attention. A witness observed a vehicle leaving the scene, which was positively identified as belonging to the defendant. The victim positively identified the defendant as the assailant, informing officers she and the defendant met months earlier through a dating website, shared an unofficial relationship, and she purchased cocaine from him. The Affidavit reflects on February 10, 2020, officers unsuccessfully attempted to contact the defendant via telephone to interview him regarding this incident.

On March 6, 2020, he posted bond in that matter and is scheduled for his next court appearance on April 7, 2020.

## 3. POSSESSION OF A FIREARM OR A DESTRUCTIVE DEVICE

On or about January 25, 2020, the defendant was in possession of a silver handgun, which constitutes a Grade B violation of supervised release.

According to the Affidavit of Probable Cause for Arrest Warrant in connection with Arapahoe District Court, Case Number 20CR476, the defendant forced his way into the victim's home, holding a silver handgun with a black handle. He demanded money from her and struck her in the head, causing her to blackout and fall to the floor.

### 4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about November 27, 2019, the defendant used or administered a controlled substance, cocaine and buprenorphine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of cocaine carries a penalty of over 12 months imprisonment.[1]

On November 29, 2019, the defendant reported to the Probation Office for his supervision intake. He admitted he ingested methamphetamine and alcohol on or about November 27, 2019; however, the drug screen returned positive for cocaine and buprenorphine.

Pursuant to the defendant's conditions of supervised release, he was enrolled in monthly drug testing at Independence House, a contract testing and treatment provider of the Probation Office and instructed to comply with the rules and regulations of the program. In addition, the defendant was referred to the STIRT program, a 10-month treatment program comprised of a three-week inpatient and nine-month outpatient component. Due to the defendant's pending state charges, his placement in the STIRT program was denied. Despite his ineligibility for STIRT, the defendant possesses private insurance through his wife's employment, and I directed him to obtain placement in an alternate program, which could provide inpatient or intensive outpatient treatment, as recommended by a certified clinician.

---

[1] The Probation Office believes that the defendant's possession and use of cocaine is a Grade B violation. According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year. In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession. In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1. In *U.S. v Rodriguez*, 945 F.3d 1245 (10th Cir. 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation. Further, in U.S. v. Draper, 2019 WL 1552732 (10th Cir. April 2019), the Court applied penalties under state law in finding Grade B violations for possession and use. In this case, based on aggravating circumstances applicable to this defendant, pursuant to C.R.S. 18-18-403.5, cocaine, a Schedule II Controlled Substance, is punishable by more than one-year imprisonment.

Kevin Adam Pompa  
1:13CR00307-1

Petition for Warrant on Person Under Supervision  
Page 4

April 1, 2020

### 5. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about March 10, 2020, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On March 12, 2020, the defendant reported to the Probation Office as directed. He admitted he ingested cocaine on March 10, 2020.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. The defendant is currently serving his second term of supervised release. His first term of supervision was revoked due to possession and use of a controlled substance and failure to participate in testing, treatment, and RRC programming as directed. He was sentenced on the first revocation in October 2019 and released from custody in November 2019. Within one day of his release from custody, he was arrested on alcohol-related driving charges. While on bond for the new case, he was charged merely months later with serious felony charges alleging his possession and use of a firearm during a burglary. In addition to the serious nature of these pending cases, the defendant continues to use illicit drugs.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

/*s/ Katrina M. Devine*  
  Katrina M. Devine  
  Senior United States Probation  
  Officer Place:   Denver  
  Date:    April 1, 2020

*s/James M. Murphy*  
  James M. Murphy  
  Supervisory United States Probation Officer  
  Place:   Denver  
  Date:    April 1, 2020

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade A violation. The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is 24[2] months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. The defendant is viewed as presenting a risk of danger to the community

As noted above, in the short time the defendant was released from prison in connection with his first violation of supervised release, he incurred two pending new law violations. In the alcohol-related driving case, his minor child was present in the vehicle. In the second matter, the defendant allegedly possessed a firearm and used it to injure the victim after forcing himself into her home. At the time the defendant was arrested and charged in these cases, he was subject to several layers of community supervision. This includes pretrial supervision in Adams County, Case Number 2019M5064, probation in Denver District Court 2018CR2809, and federal supervision. The defendant demonstrates a blatant disregard for Court orders. In addition, the defendant's criminal history includes weapon-related and assaultive offenses.

Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.

---

[2] Because the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e), the advisory guideline range is 24 months, pursuant to U.S.S.G. § 7B1.4(b)(3)(A).