CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. KEVIN ADAM POMPA                                         DKT. NO. 1:13CR00307-1

### SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Katrina M. Devine, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Kevin Adam Pompa, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on October 1, 2019. The defendant was sentenced to 4 months imprisonment and 32 months supervised release for a violation of supervised release related to an original offense of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This is the defendant's second term of supervised release as there has been one prior revocation (see Documents 29 and 73, Judgment in a Criminal Case and Judgment for Revocation of Supervised Release). Supervision commenced on November 22, 2019, and is set to expire on July 21, 2022. As noted in the judgment [Document 73], the Court ordered mandatory, special and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **VIOLATION OF LAW**

On or about November 23, 2019, the defendant was arrested for Driving Under the Influence, in violation of C.R.S. 42-4-1301(1)(a). This is a misdemeanor, which constitutes a Grade C violation of supervised release.

In addition to the above charge, the defendant was charged in Adams County Court, Case Number 2019M5064 with the following additional charges: Careless Driving, in violation of C.R.S. 42-4-1402(1), (2)(a); Violation of a Protection Order – Civil, in violation of C.R.S. 18-16-803.5(1)(a); and Child Abuse – Knowingly/Reckless – No Injury, in violation of C.R.S. 18-6-401(1), (7)(b)(I).

According to the arrest narrative provided by Colorado State Patrol, on November 23, 2019, at 4:48 p.m., officers were dispatched to a single vehicle crash with a fence in Adams County, Colorado. The defendant was identified as the driver of the vehicle, and an adult female and the defendant's 11-year-old daughter were in the vehicle at the time of the crash. A witness observed the defendant throw a beer bottle out of the window of the vehicle after the crash. Responding officers detected a moderate odor of alcohol on the defendant's breath and a strong odor of alcohol inside the vehicle. The defendant exhibited bloodshot eyes and slurred speech. He initially agreed to perform roadside maneuvers but demonstrated an inability to complete them and then refused any further

Case No. 1:13-cr-00307-RM   Document 98   filed 08/26/20   USDC Colorado   pg 2 of 4

| | | |
|---|---|---|
| Kevin Adam Pompa<br>1:13CR00307-1 | Superseding Petition Due to Violations of Supervision<br>Page 2 | August 26, 2020 |

maneuvers.  The defendant refused any chemical testing and was taken into custody.  He posted bond in that matter and is scheduled for his next court appearance on October 9, 2020.

2. **VIOLATION OF LAW**

On or about February 14, 2020, the defendant was charged with two counts of Burglary 1 – Assault/Menace, in violation of C.R.S. 18-4-202(1).  This is a Class 3 Felony, which constitutes a Grade A violation of supervised release.

In addition to the above charge, the defendant was charged in Arapahoe County District Court, Case Number 20CR476, with the following additional charges:

Count 3: Assault 2 – Cause Injury with Deadly Weapon (F4), C.R.S. § 18-3-203(1)(b)
Count 4: Trespass 1 – Dwelling (F5), C.R.S. § 18-4-502
Count 5: Felony Menacing – Real/Simulated Weapon (F5), C.R.S. § 18-3-206(1)(a)/(b)
Count 6: Weapon – Possession/Previous Offender (F6), C.R.S. § 18-12-108(1)
Count 7: Violation Protection Order – Criminal (M1), C.R.S. § 18-6-803.5(1)(a)
Count 8: Violent Crime – Used Weapon (SE), C.R.S. § 18-1.3-406(a)(I)(A)

On March 2, 2020, the defendant was taken into custody at the Probation Office during an office appointment when a record check revealed a felony warrant in connection with new charges was activated on February 27, 2020.

According to the Affidavit of Probable Cause for Arrest Warrant, on January 25, 2020, officers were dispatched on an assault with a weapon call.  According to the victim, the defendant forced his way into her apartment with a silver handgun, demanded money which the defendant believed she owed to him, and struck her in the head with the weapon, causing her to lose consciousness and incur a severe laceration requiring medical attention.  A witness observed a vehicle leaving the scene, which was positively identified as belonging to the defendant.  The victim positively identified the defendant as the assailant, informing officers she and the defendant met months earlier through a dating website, shared an unofficial relationship, and she purchased cocaine from him.  The Affidavit reflects on February 10, 2020, officers unsuccessfully attempted to contact the defendant via telephone to interview him regarding this incident.

On March 6, 2020, he posted bond in that matter and is scheduled for his next court appearance on November 13, 2020.

3. **POSSESSION OF A FIREARM OR A DESTRUCTIVE DEVICE**

On or about January 25, 2020, the defendant was in possession of a silver handgun, which constitutes a Grade B violation of supervised release.

According to the Affidavit of Probable Cause for Arrest Warrant in connection with Arapahoe District Court, Case Number 20CR476, the defendant forced his way into the victim's home, holding a silver handgun with a black handle.  He demanded money from her and struck her in the head, causing her to blackout and fall to the floor.

Case No. 1:13-cr-00307-RM   Document 98   filed 08/26/20   USDC Colorado   pg 3 of 4

| | | |
|---|---|---|
| Kevin Adam Pompa<br>1:13CR00307-1 | Superseding Petition Due to Violations of Supervision<br>Page 3 | August 26, 2020 |

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about November 27, 2019, the defendant used or administered a controlled substance, cocaine and buprenorphine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On November 29, 2019, the defendant reported to the Probation Office for his supervision intake. He admitted he ingested methamphetamine and alcohol on or about November 27, 2019; however, the drug screen returned positive for cocaine and buprenorphine.

Pursuant to the defendant's conditions of supervised release, he was enrolled in monthly drug testing at Independence House, a contract testing and treatment provider of the Probation Office and instructed to comply with the rules and regulations of the program. In addition, the defendant was referred to the STIRT program, a 10-month treatment program comprised of a three-week inpatient and nine-month outpatient component. Due to the defendant's pending state charges, his placement in the STIRT program was denied. Despite his ineligibility for STIRT, the defendant possesses private insurance through his wife's employment, and I directed him to obtain placement in an alternate program, which could provide inpatient or intensive outpatient treatment, as recommended by a certified clinician.

5. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 10, 2020, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 12, 2020, the defendant reported to the Probation Office as directed. He admitted he ingested cocaine on March 10, 2020.

6. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on January 12, 2020, July 12 and 23, 2020. This constitutes a Grade C violation of supervised release.

At the commencement of supervised release, the defendant was enrolled in monthly drug testing at Independence House. On the following dates, the defendant failed to report for drug testing as directed: January 12, 2020, July 12 and 23, 2020. Following each failure to appear, the Probation Office received emailed notification of the noncompliance from the vendor. Each instance of failure to appear for drug testing was addressed with the defendant.

Case No. 1:13-cr-00307-RM   Document 98   filed 08/26/20   USDC Colorado   pg 4 of 4

| | | |
|---|---|---|
| Kevin Adam Pompa<br>1:13CR00307-1 | Superseding Petition Due to Violations of Supervision<br>Page 4 | August 26, 2020 |

### 7. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about July 9, 2020, the defendant was directed to report to the probation officer at the Probation Office on July 16, 2020, and he failed to so report, which constitutes a Grade C violation of supervised release.

On July 9, 2020, I directed the defendant to report to the Probation Office on July 16, 2020. After the defendant failed to report for his scheduled appointment, I contacted the defendant, and he informed he overslept. I directed him to report to the Probation Office within the hour. After the defendant failed to report as directed, I contacted him via telephone, and he advised he was going to Denver Health Medical Center to be assessed for Covid-19. I requested he provide me with paperwork documenting his medical treatment and never received it.

### RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 76] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Katrina M. Devine*
  Katrina M. Devine
  Senior United States Probation Officer
  Place:   Denver
  Date:    August 26, 2020

*s/ Garret Pfalmer*
  Garret C. Pfalmer
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    August 26, 2020

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade A violation. The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is 24[1] months.

---

[1] Because the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e), the advisory guideline range is 24 months, pursuant to U.S.S.G. § 7B1.4(b)(3)(A).